IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICIA ALI BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-239-GMS |
| | ) |
| PEGGY L. ABLEMAN, individually and in | ) |
| her official capacity as Justice of the | ) |
| Superior Court of New Castle County, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Alicia A. Brooks ("Brooks"), filed this lawsuit pursuant to 42 U.S.C. §

1983 alleging violations of her constitutional rights. (D.I. 2.) She appears *pro se* and was

granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The

court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

The defendant Peggy L. Ableman ("Judge Ableman") is a judge in the Superior Court of

Delaware. Brooks was a defendant in a mortgage foreclosure action filed in the Superior Court

and, on February 3, 2012, Judge Ableman granted summary judgment in favor of the plaintiff

and against Brooks. *See BAC Home Loans Servicing, FKA Countywide Home Loans Servicing

LP v. Brooks*, Civ. No. 09L-12-117-PLA (Del. Super. Ct. Feb. 3, 2012). Brooks takes exception

to the ruling and other acts of Judge Ableman in presiding over the case. She seeks injunctive

relief for Judge Ableman to recuse from the case or to preclude her from issuing a final judgment

in the case. She also seeks declaratory relief and costs of litigation.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Brooks proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Brooks leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

A well-pleaded complaint must contain more than mere labels and conclusions. *See*
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The
assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the
elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When
determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v.*
*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a
claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true,
but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine
whether the facts alleged in the complaint are sufficient to show that Brooks has a "plausible
claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Brooks'
entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the
well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,
the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556
U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Brooks alleges that Judge Ableman violated her constitutional rights when making
rulings in a mortgage foreclosure case over which Judge Ableman presided. Judges are protected
by absolute immunity for all judicial acts except those made in the clear absence of jurisdiction.

---

[1]A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at
678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Id.*

3

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge is entitled to immunity even where "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978).

Here, the allegations against Judge Ableman relate to her actions as a judge. Notably, the complaint does not set forth any facts alleging that Judge Ableman acted in the absence of jurisdiction. The claims against Judge Ableman have no arguable basis in law or in fact and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as she is immune from suit.

In addition, Brooks' claim for injunctive relief against a judicial officer is barred by the language of 42 U.S.C. § 1983. *See Bukovinsky v. Pennsylvania*, 2011 WL 6762961, at *2 (3d Cir. Dec. 27, 2011). Brooks has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (noting that § 1983 provides that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."). To the extent that Brook's request for injunctive relief is not subject to dismissal under

4

§ 1915(e)(2)(B)(iii), it is subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is not

available against "a judicial officer for an act . . . taken in such officer's judicial capacity." *See*

*Ball v. Butts*, 445 F. App'x 457, 459 (3d Cir. 2011).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint pursuant to 28 U.S.C.

§ 1915(e)(2). Amendment of the claim would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d

Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of*

*Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2012
Wilmington, Delaware

5